CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED for RKe
AUG 26 2014
JULIA C. DUDLEY, CLERK
BY: HMcDonald
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| LEA ANTHONY CUNNINGHAM, <br> Plaintiff, | Civil Action No. 7:14-cv-00372 |
| v. | **MEMORANDUM OPINION** |
| SHERIFF MIKE MONDUL, et al., <br> Defendants. | By: Hon. Jackson L. Kiser <br> Senior United States District Judge |

Lea Anthony Cunningham, a Virginia inmate proceeding pro se, filed a Complaint pursuant to 42 U.S.C. § 1983 naming Sheriff Mike Mondul and the Danville City Jail ("Jail") as the defendants. Plaintiff complains about the conditions of confinement at the Jail. This matter is before me for screening, pursuant to 28 U.S.C. § 1915A. After reviewing the record, I dismiss the Complaint without prejudice for failing to state a claim upon which relief may be granted.

Plaintiff complains about the following living conditions at the Jail: inadequate space and ventilation; the dorm is noisy and houses up to 35 inmates although it was built to house 24 inmates; no cleaning supplies are provided besides a mop bucket; staff do not clean the shower; overcrowding and inadequate observation from security cameras create a constant risk of violence and serious harm; there is no water pressure in the shower; a water fountain dispenses hot water; soap and toothpaste are not issued on a regular basis; and medical staff are not available twenty-four hours a day. Plaintiff sent Sheriff Mondul a letter, but Plaintiff never received a response. Plaintiff demands $2,000,000.

Section 1983 requires a showing of personal fault on the part of a defendant either based on the defendant's personal conduct or another's conduct in execution of the defendant's policies

or customs. Fisher v. Washington Metro. Area Transit Author., 690 F.2d 1133, 1142-43 (4th Cir. 1982), abrogated on other grounds by Cnty. of Riverside v. McLaughlin, 500 U.S. 44 (1991). However, Plaintiff does not describe any personal act or omission by Sheriff Mondul, and Sheriff Mondul may not be held liable under respondeat superior. See, e.g., Monell v. Dep't of Soc. Servs., 436 U.S. 658, 663 n.7 (1978). Also, Plaintiff does not allege any facts that indicate Sheriff Mondul knew of the alleged conditions of confinement, which is necessary to state a claim of deliberate indifference against Sheriff Mondul. See, e.g., Farmer v. Brennan, 511 U.S. 825, 838 (1994). Similarly, Plaintiff does not sufficiently describe conditions of confinement that present a substantial risk of serious harm. See, e.g., Rhodes v. Chapman, 452 U.S. 337 (1981); see also Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (noting labels and conclusions are insufficient to state a claim). Plaintiff is not entitled to relief because he has been exposed to uncomfortable, restrictive, or inconvenient conditions of confinement. Henderson v. Virginia, 2007 U.S. Dist. LEXIS 70207, at *26, 2007 WL 2781722, at *7 (W.D. Va. Sept. 21, 2007). Rather, "[t]o the extent that such conditions are restrictive or even harsh, they are part of the penalty that criminal offenders pay for their offenses against society." Rhodes, 452 U.S. at 347. Moreover, the mere negligent execution of a legal duty does not constitute deliberate indifference. See, e.g., Estelle v. Gamble, 429 U.S. 97, 102-06 (1976). Finally, the Jail is not a "person" subject to § 1983. See McCoy v. Chesapeake Corr. Ctr., 788 F. Supp. 890, 894 (E.D. Va. Apr. 13, 1992) (reasoning that a local jail is not an appropriate

2

defendant to a § 1983 action). Accordingly, I dismiss the Complaint without prejudice, pursuant to 28 U.S.C. § 1915A(b)(1), for failing to state a claim upon which relief may be granted.[1]

**ENTER:** This 26th day of August, 2014.

*Jackson L. Kiser*
Senior United States District Judge

---

[1] I must dismiss any action or claim filed by an inmate if I determine that the action or claim is frivolous or fails to state a claim on which relief may be granted. See 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1); 42 U.S.C. § 1997e(c). The first standard includes claims based upon "an indisputably meritless legal theory," "claims of infringement of a legal interest which clearly does not exist," or claims where the "factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989). The second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), accepting a plaintiff's factual allegations as true. A complaint needs "a short and plain statement of the claim showing that the pleader is entitled to relief" and sufficient "[f]actual allegations . . . to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (internal quotation marks omitted). A plaintiff's basis for relief "requires more than labels and conclusions . . . ." Id. Therefore, a plaintiff must "allege facts sufficient to state all the elements of [the] claim." Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003).

Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009). Thus, a court screening a complaint under Rule 12(b)(6) can identify pleadings that are not entitled to an assumption of truth because they consist of no more than labels and conclusions. Id. Although I liberally construe a pro se complaint, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), I do not act as an inmate's advocate, sua sponte developing statutory and constitutional claims not clearly raised in a complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985); see also Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (recognizing that a district court is not expected to assume the role of advocate for a pro se plaintiff).

3